IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

**TERRY LYNN MERRIWEATHER**
2313 NE 53rd St
Kansas City, MO 64118

       Plaintiff,       Case No. 18-293

vs.

**CREDIT BUREAU SERVICES ASSOCIATION**
Serve:

L. A. Plank
123 W 7th St, Ste 300
Stillwater, OK 74074

**TRANS UNION, LLC**
Serve:

The Prentice-Hall Corporation
221 Bolivar Street
Jefferson City, MO 65101

       Defendants.

### COMPLAINT

    COMES NOW the Plaintiff, Terry Merriweather, by counsel, and for her complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

    1.    Count I is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C.§ 1692 *et seq*. (Fair Debt Collection Practices Act), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Count

II-III are for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Fair Credit Reporting Act).

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1692, 15 U.S.C. § 1681 and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants directed their collection efforts into the District.

**PARTIES**

3. The Plaintiff is a natural person and resident of the State of Missouri. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), in that Defendants sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely medical services provided.

5. Upon information and belief, Defendant Credit Bureau Services Association, ("CBSA"), is a corporation formed in Oklahoma.

6. Defendant CBSA is a debt collector as defined by 15 U.S.C. § 1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

7. Upon information and belief, Trans Union, LLC ("Transunion") is a corporation authorized to do business in the State of Missouri.

8. Upon information and belief, Transunion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Upon information and belief, Transunion disburses such consumer reports to third parties under contract for monetary compensation.

**FACTUAL STATEMENTS**

10. On April 28, 2017, Plaintiff filed for chapter 13 bankruptcy relief in the Western District of Missouri, case number 17-41188.

11. At some point prior to the bankruptcy being filed, the Plaintiff defaulted on her medical bills. CBSA was hired to collect on the Plaintiff's delinquent medical debts.

12. The original creditor and CBSA were included in the bankruptcy schedules.

13. Both the original creditor and CBSA were mailed the notice of bankruptcy filing, including the Plaintiff's bankruptcy plan. Both were mailed the subsequent confirmation of the Chapter 13 plan.

14. In January 2018, Plaintiff noticed that CBSA was furnishing incorrect information to credit reporting agencies, including Transunion.

15. Among the incorrect information, CBSA reported an open collection account, continued reporting ongoing negative monthly payment history to credit reporting agencies and failed to notate anything about the account being included in the Plaintiff's bankruptcy.

16. Therefore, Plaintiff disputed the account with Transunion.

17. Upon information and belief, CBSA was notified by Transunion of the Plaintiff's request for investigation.

18. CBSA verified the incorrect information on the Plaintiff's account.

19. Despite multiple notices from the bankruptcy court and a specific request to fix the errors, CBSA continued to improperly report Plaintiff's account.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT AGAINST CBSA

20. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

21. The Defendant CBSA was attempting to collect a consumer debt as defined by 15 U.S.C. § 1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

22. The standard in determining whether the Defendant CBSA violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F. 3d 233, 237 (2nd Cir. 1998); *Swanson v. Oregon Credit Service,* 869 F. 2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc*., 760 F. 2d 1168, 1172-75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107, 111 (3d Cir. 1991).

23. 15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

24. Defendant CBSA took collection efforts by continuing to report derogatory information to the credit reporting agency while the Plaintiff was in bankruptcy.

25. Specifically, Defendant CBSA's acts violated the following subsections (2) the false representation of the character, amount, or legal status of any debt; (8) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed or that the debt was included in bankruptcy; and (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

26. As a result of their collection activity, the Plaintiff has suffered actual damages in the frustration, inconvenience, the incurrence of fees for the dispute of her credit reports and the loss of the full enjoyment of the automatic stay protection of the bankruptcy court. Further, CBSA has harmed Plaintiff's credit worthiness by continuing to report a high impact derogatory account on her credit report.

27. Therefore, the Plaintiff is entitled to recover actual damages, statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and for such other and further relief as may be just and proper.

### COUNT II-FAILURE TO CONDUCT REASONABLE INVESTIGATION AGAINST CBSA

28. Plaintiff alleges and incorporates paragraphs above as if fully set out herein.

29. CBSA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to furnish incorrect information within Plaintiff's credit file with Transunion an open collection account with an outstanding balance; by failing to fully and properly investigate the

Plaintiff's dispute of the CBSA representation; by failing to review all relevant information regarding the same; by failing to accurately respond to Transunion;

30. As a result of this conduct, action and inaction of CBSA, the Plaintiff suffered actual damages, including but not limited to, damage to the Plaintiff's credit rating; hindrance of ability to enjoy the protections of the automatic stay of the bankruptcy court; incurrence of fees to conduct the dispute; costs of postage and certified mail; the stress, aggravation and inconvenience associated with improper collection tactics; and the time required in trying to resolve this matter.

31. CBSA has illustrated a pattern and practice of failing to reasonably investigate consumer disputes. CBSA's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

32. The Plaintiff is entitled to recover costs and attorney's fees from CBSA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III – FAILURE TO CONDUCT REASONABLE INVESTIGATION AGAINST TRANSUNION

33. Plaintiff realleges and incorporates paragraphs above as if fully set out herein.

34. Upon request, Defendant Transunion failed to conduct reasonable investigations with regards to the Plaintiff's CBSA account.

35. Transunion is a sophisticated entity familiar in the bankruptcy process.

36. Transunion had knowledge and reported on the Plaintiff's credit report the Plaintiff's bankruptcy filing in April 2017.

37. Through dispute, Transunion was further informed Plaintiff's CBSA account was included in bankruptcy.

38. At a minimum, a simple investigation would have discovered Plaintiff's CBSA account should have been reported as included in bankruptcy.

39. Transunion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures to with which to filter and verify disputed information in the Plaintiff's credit file.

40. As a result of this conduct, action and inaction of Transunion, the Plaintiff suffered damage to her credit rating, a reduction of credit expectancy, a hindrance to enjoy the fresh start entitled by the bankruptcy code, frustration and inconvenience.

41. Transunion has shown a pattern and practice of failing to conduct reasonable investigations. Transunion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

42. The Plaintiff is entitled to recover costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Terry Merriweather respectfully requests this Court award the following:

a. actual damages against Credit Bureau Services Association for violation of the FDCPA under Count I;

b. statutory damages against Credit Bureau Services Association of $1,000 for violation of the FDCPA under Count I;

c. the greater of actual or statutory damages against Credit Bureau Services Association for violation of the FCRA under Count II;

d. the greater of actual or statutory damages against Trans Union LLC for violation of the FCRA under Count III;

e. punitive damages against each defendant for violations of the FCRA;

f. attorneys' fees and costs of this action;

g. for corrections to be requested to any credit reporting agency furnished credit information from Credit Bureau Services Association;

h. such other relief as may be deemed just and proper;

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

By: **/s/Ryan D. Knipp**
Ryan D. Knipp #58782
David L. Dean #58763
Patton Knipp Dean, LLC
12760 W 87th St Pkwy, Ste 108
Lenexa, KS 66215
Telephone: (913) 495-9998
Fax: (888) 720-1985
rknipp@pattonknipp.com
ddean@pattonknipp.com
**COUNSEL FOR PLAINTIFF**